FOR THE SOUTHERN DISTRICT OF ILLINOIS

Cedrick J. Graham,
     Plaintiff,

  VS.

Gannon Richelmon,
"Sergeant Brumley;"
Unknown Segregation Lieutenant,
Unknown gallery Correctional Officer,
Unknown tacticle team Officers;
Unknown Nurse,
Wexford Health Source Inc.,
Major Bochoutus;"
1at Page,
Unknown Warden;
Unknown Director of Illinois Department of Corrections,
Unknown Adjustment Committee Members;
Counselor Taes;"
Unknown Medical Staff,
Unknown Correctional Officers,
Unknown Menard Employees,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Right Action
Pursuant to 42 U.S.C. § 1983
Tort Claim Vicarious Liability

CASE NO: 21-340-SMY

JURY DEMAND

## Introduction

This is a civil rights action filed by Cedrick J. Graham, pro Se, a State prisoner for damages and injuctive relief under 42 U.S.C. § 1983 and 42 U.S.C. 1997 seq. et., alleging excessive use of force, deliberate indifference in Conditions of Confinement amounted to Cruel and unusual punishment, and denial of Medical Care in violation of Eighth and fourteenth amendment to the United States Constitution. The intentional falsification of prison disciplinary report resulting in loss of priveleges, Confinement in Maximum Security Segregation in violation of the due process Clause of the fourteenth Amendment to the Constitution as well as the First amendment rights of the United States Constitution against retaliation for excercising his Constitutional protected rights to grievance. The Plaintiff also alleges the torts of assault, battery, and negligence, A tort State Claim of emotional and mental anguish under Eighth amendment, In addition the Plaintiff also alleges a tort claim of intentional infliction of emotional distress and mental anguish Secured under Eighth Amendment of the United States Constitution. Also pursuant to 42 U.S.C. §1997 e(e).

## NATURE OF THE CASE

Plaintiff Currently        is Confined in the Illinois Departm of Corrections, Hill Correctional Center. The action in this complain occured in Menard Correctional Center. There are eight bases for t cause of action. (1) Defendants failed to provide Mr. Graham medic cure for the medical attention he was in need of in May 2009; (2) Defendants misuse of force towards plaintiff (3) Defendants Collectively failed to Protect Mr. Graham from an unprovoked attack by tacticle team members who were orderd to respond to Mr. Graham's medical need and beat him, during which Mr. Graham sustained serious injuries; (4) Shortly after his attack, Certain defendants intentionally verbally and physically abused Mr. Graham and further exacerbated his already severe injuries; (5) Defendants failed to prope and timely address the serious injuries Mr. Graham sustained at the hai of the tacticle team, at the hand of certain defendants, as well as for the original medical Condition he was in need of medical care for; (6) Defendants have repeatedly and unjustifiably denied Mr. Graham his bas medical needs. (7) Defendants Denial of plaintiffs Due process rights,      (8) Defendants retaliated against Mr. Graham for being in need of medical care, repeatedly threatened and intimidated Mr. Graha for eccercising his right to grievance the issues, and transfered Mr. Graham far away from his court and family. As a result, Mr. Graham has endured months of debilitating pain and his injuries have been exacerbated by the defendants failure to provide timely and competent medical treatment. Based on these violations, Mr. Graham petitions this Cour to enforce his rights under the U.S. Constitution, 42 U.S.C § 1983, an state law. Mr. Graham seeks damages, injunctive relief, and costs.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction over this action pursuant to 28 U.S.C. 1331 because it arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C § 1343, because Mr. Graham seeks redress for Civil rights violations under 42 U.S.C. § 1983.

3. The Court may also excercise supplemental Jurisdiction over Mr. Graham's state law claims pursuant to 28 U.S.C. § 1367(a) because these Claims arise out of the same case or Controversy as his Federal claims.

4. Venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391(b)(a) because all events or omissions giving rise to Plaintiff's claims asserted herein occured in this District.

## PARTIES

5. Plaintiff Cedrick Graham is confined at Hill Correctional Cen in Galesburg, Illinois. He is wrongfully convicted due to new discovered evidence and is currently pending, which will unequiv Substantiate the veracity of his affirmative Self defense and defense of others, and exonerate him.

6 Defendant Gannon Richelmon Badge number 3800 is a Male prison official employeed by Menard Correctional Center. He is being Sued in his Individual Capacity.

7. Sergeant Brumley is a male prison official employeed by Menard Correctional Center. Mr. Graham does not know the full name of Sergeant Brumley, but that information is Contained in records maintained by Menard and John Doe 6,7. He is Sued in his individual and official Capacity.

8. Unknown Lieutenent is a male prison official employeed by Menard Correctional Center. Mr. Graham does not Know the full name of Unknown Lieutenent in charge over segregation and at all times relevent, but that information is contained in records maintained by institutional Defendants. He is being Sued in his official ^(and Individual) Capacity and is hereinafter referred to as "John Doe 1".

9. Unknown "gallery" Correctional officer is a male prison official employeed by Menard Correctional Center. Mr. Graham does not Know the full name of unknown gallery officer, but that information is contained in records maintained by Institutional Defendants. He is hereinafter referred to as "John Doe 2". and sued in his individual Capacity

10. Unknown Tacticle Team are male prison official's employeed by Menard Correctional Center. Mr. Graham does not Know the full names of the tacticle Team ordered, but that information is contained in records maintained by Institutional Defendants. They are herein after referred to as "John Doe 3, 4, and 5. and sued in their individual Capacity

11. Unknown nurse is a female medical proffessional at Menard Correctional Center at all times relevant, and employeed by Wexford. Mr. Graham does not Know the full name of Unknown nurse, but that information is contained in records maintained by Institutional Defendants. She is also being sued as ^(in individual Capacity and)

12. Defendant Wexford Health Source Inc., Wexford is a private Corporation entity, who employs medical staff nurse. This Corporat is contracted by IDOC to provide medical health care for inmates Menard Correctional Center. They are being sued as a corporate enti pursuant to a Monell Claim. Respondeat Superior pursuant to 42 U.S.C. § 1997. Wexford is also being Sued outside the Scope of Sec 1983, under a general Tort Claim of Vicarious liability, and 42 U.S.C. § 1997(d), They are hereinafter referred to as the "Corporate Defendant"

13. Major Bochoutus Badge number 568 is a male prison official emplo by Menard Correctional Center. He has the rank of Major and serve as the reviewing officer of Disciplinary action over Segregation inmate disciplinary report. Mr. Graham does not Know the full name of Major Bochoutus Badge number 568, but that information is Contained in record maintaned by Institutional Defendants. He is being sued in his official Capacity and Individual Capacity

14. Defendant Mat Page Badge number 652 is a male prison official employeed by Menard Correctional Center who Served as the Shift Supervisor of Disciplinary action over Segregation inmate disciplinary report. He is being sued in his official Capacity and Individual Capacity

15. Unknown Warden is a male or female prison official employee by the IDOC as the Chief Administrative Warden at Menard Correctio Center. He or She is responsible for the Safety, well being, and we of prisoners at Menard CC. Mr. Graham does not Know the full nan of Unknown Warden, but that information is contained in records maintan by Institutional Defendants. He or She is being Sued in his or her indu an official Capacity and are herein after refefred to as "John Doe 6" (Government Employee).

16. Unknown Director of IDOC is a male prison official employeed by IDO who is responsible for establishing, monitoring, and operations, policies, and practicies of the Illinois State prison System, which includes the provision of constitutional adequate medical care for all prisoners committed to the custody of IDOC. Mr. Graham does not know the full name of Unknown Director of IDOC, but that information is contained in records maintained by Institutional Defendants. He is bein Sued in his official and individual capacity and are herein after referred to as "John Doe 7" (Government Employe.

17. Unknown addustment Committe members are male and female prison officials employeed by Menard Correctional center who are responsible for reviewing and investigating all disciplinary charges on Menard Segragation inmates, Conducting disciplinary hearings for prisoner accused of breaking prison rules, and hearing tickets. Mr. Graham does not know the full name of the Unknown

adJustment Committee members, but that information is contained in records maintained by Institutional Defendants. They are sued in their individual and official capacity and are hereinafter referred to as "John Doe 8, 9, 10, 11, and 12".

18. Counselor Tease is a female Counselor employeed by Menard Correctional Center who is responsible for being the first level counselor for inmates in Menard offender receiving. Mr. Graham does not know the full name of Counselor Tease, but that information is contained in records maintained by Institutional Defendants. And being sued in her individual and official capacity.

19. Additional unknown medical staff, correctional officers, and Menard employees who's identities are unknown to Mr. Graham are responsible for the failure to timely respond to Mr. Grahams medical needs, the failure to properly diagnose and treat his injuries, the failure to protect Mr. Graham from an unprovoked beating by a tacticle team ordered to respond to Mr. Graham who was in need of medical attention, and for intentionally causing additional injuries to Mr. Graham. Also the threats, intimidation, and retaliation to Mr. Graham. These unknown defendants as well as the named Menard employees, prison officials, and medical staff are sued in their individual capacities and are herein after referred to "individual defendants".

20. At all relevant times and in all their actions, all Individual Defendants were acting under color of law and pursuant to their authority as prison officials or Menard Employees.

## Facts

21. On May 10th, 2019, the plaintiff after multiple request to be moved from Cell #37 in Menard Receiving (OR), was notified by menard staff that a potential falsified PREA claim was made, placed on investigative status, and now escorted behind the wall at Menards Maximum prison and placed in North 2 Segregation Cell # 4-48 and not "Receiving Segregation. Exhibit A

## ALLEGATIONS OF FACT

A. Defendants denial of Plaintiffs basic medical needs

22. On May 14, 2019, the plaintiff, while housed in North 2 Segregation Cell #4-48 during 2nd shift had requested medical assistance from defendant doe 2 due to flu-like symptoms he was experiencing

23. Defendant Doe 2 response to the plaintiff request was that he did not appear ill to him and kept walking. Defendant Doe 2 Violated Plaintiffs U.S Cons 8th Amend right by being deliberately indifferent to his serious medical need.

24. Later defendant Doe 2 stopped at plaintiff Cell and noticed he was vomiting while laying on floor. Defendant Doe 2 Said this, "geez you are sick." and left. Defendant Doe 2 Violated plaintiffs U.S. Cons. 8th Amend right by being deliberately indifferent to his Serious medical need.

25. Moments later, defendant Doe2 returned to plaintiff cell with Cellhouse Sergeant Brumley instructions for him to drink some water and left. John Doe 2 and Sgt Brumley showed a complete disregard and deliberate indifference to plaintiffs medical distress and failed to provide medical intervention in violation of 8th Amend of U.S. Con's right by failing provide adequate medical care.

26. Later, the plaintiff vomitting so much began to dry heave. John Doe 2 walked by plaintiff cell hearing and seeing the plaintiff in need of medical care. Plaintiff begged Doe 2 to please help him but he kept walking. At this time every inmate in near proximity who also heard the plaintiff vomitting, dry heaving and begging for help started shaking the bars, beating on things, and yelling for this officer (Doe2) to help plaintiff. They begin yelling this, "we need a med tech on 4 gallery." This gallery officer kept walking. After it had gotten so loud from all the inmates yelling for help for the plaintiff, the plaintiff had vommitted profusely and dry heaved to exhaustion from illness and begging for help, plaintiff passed out.

## B.             Defendants <u>Misuse of Force</u> towards plaintiff

27. Shortly after these events defendants Sgt. Brumley and Doe 2 were at the front of plaintiffs cell and observed him unconscious in the cell on the floor. Exhibit <u>B</u>

28. The plaintiff was incoherant, passed out lifeless in his cell on the floor.

29. Defendants Sgt. Brumley and Doe 2 after knowing that the plaintiff had requested medical assistance/attention and there after found unconscious ordered a tacticle team to remove the unconscious plaintiff from the cell who displayed zero aggression or threat. Defendants 1-5, and Sgt Brumley misused force against plaintiff violating his 8th Amend of U.S. Const. Rights of Cruel and unusual punishment. The misuse of force without need or provocation constituted tort and assault under Illinois law. Exhibit <u>B</u>

C.                    Defendants failure to protect Plaintiff

30. Plaintiff was awaken not by medical staff but by the extreme aggressive behavior of the defendants Doe 3, 4, and 5 who repeatedly punch, Kicked, and stomped the plaintiff *and continued* after he was fully restrained with what appeared to be none-double locking restraints. The more movement the plaintiffs body experienced from the defendants abuse the tighter the restraints had gotten.
In violation of 42 USC 1997e(e)

31. During the assault one of the defendants Doe 3, 4, or 5 said this, "dont hit him in the face thats how we got in trouble last time."
In violation of 42 USC 1997e(e)

32. Defendants Doe _2_, Sgt Brumley, and Doe _1_ did not intervene to prevent these Kicks and blows. The plaintiff believes that one of these defendants also Kicked and struck him.

33. Plaintiff body was removed from his cell down North 2 gallery while being dragged, Kicked, and having his ankles stomped on by the defendants 3, 4, and 5 and up a flight of stairs. The plaintiff believes that defendant Doe _2_ also Kicked and struck him. Defendants *Doe* 1-5, and sgt. Brumley misused force against plaintiff violating his 8th Amend of U.S. Constv rights of cruel and unusual punishment. The misuse of force without need or provocation constitute tort and assault under Illinois Law, Defendants had a Constitutional duty to protect plaintiff, not assault him while being unconscious, and provide timely adequate medical assistance this and also failing to intervene Constituted cruel and unusual punishment in violation of 8th and 14th Amend talis i i ...l

D. Defendants Intentional physical abuse towards plaintiff

34. While being dragged, Defendant 2, 3, 4, or 5 said this to the plaintiff, "We're about to put you in a casket nigger."
In violation of 42 U.S.C. 1997e(e)

35. The plaintiff was dragged in front of Sgt Brumley, John Doe 1, and tossed into the Seg bullpen in North 2 Cellhouse. Sgt Brumley said this, "I dont think your sick, do you like what you got for making me have to work, I could have them kill you for interupting my day." John Doe 1 Said this "Oh you got a little tummy ache now your going to get up and walk your ass back to your cell." At this point the named defendants violated plaintiffs U.S. 8th Amend right by being deliberate indifferent to a serious medical need and misuse of force for cruel and unusual punishment.

36. During these events the plaintiff at no time displayed resistance, aggression, or combative behavior. At no time did the plaint.ff threaten officers in any way despite his health care condition or break any prison rules. The plaintiff had anticipated to be seen by medical staff not just for his symptoms that were clearly noted by Menard cc staff while plaintiff was in his cell that being vomiting pain, passing out on floor, and being found unconscious but the plaintiff was in need of medical attention also for beating

37. Instead of being examined by the required medical staff that the two situations required due to his medical need The plaintiff was removed from the bullpen by the defendants Doe 3, 4, and 5 and roughly escorted back to the plaintiff cell by defendants Doe 2, 3, 4, and 5 only to be tossed back into the vomit ridden cell and being shoved so aggressively slipping on vomit and furthering his injuries Defendants Doe 1-5, and Sgt Brumley acted with malice, recklessness, and deliberate indefference to medical needs of plaintiff. The acts and or omissions described amounted to cruel and unusual punishment, in violation of 8th and 14th Amend to U.S. Const. and excessive force. also 42 U.S.C. 1997e(e)

E. Defendants failure to properly and timely Address Plaintiff Injuries

38. The plaintiff received lacerations to his shoulder, wrist, leg and numerous bruises and abrasions to arms, wrists, legs, and torso.

The plaintiff also suffered injuries to his back, neck, knee, and ankles.

The plaintiff lost feeling in his arm and hand. ... plaintiff was not allowed medical care. Defendants Doe1-5, and Sgt Brumley acted with malice, recklesness, and deliberate indifference to medical needs of plaintiff. The acts and/or ommissions described amounted to cruel and unusual punishment, in Violation of 8th and 14th amend to U.S. Const.

39. Defendants John Doe 3,4, and 5 are members of Menard CC tacticle team or Emergency Response Team.

40. Defendants Sgt Brumley, Doe 1, 2, 3, 4, and 5 have repeatedly engaged in excessive force against inmates in the past.

41. Defendant Doe 6 has been placed on notice of the abusive conduct of defendants Sgt Brumley, Doe 1, 2, 3, 4, and 5 by a number of complaints and grievances over many months and years but has failed to take disciplinary action against them or otherwise control their behavior.

## Denial of Medical Care

42. On May 14, 2019 during the incident above, the plaintiff was dragged by defendants Doe 3, 4, and 5 in front of defendant Sgt. Brumley and thrown on bench in Segregation bullpen.

43. The plaintiff had anticipated to be seen by medical staff not just for his Symptoms clearly noted by Menard CC Staff while plaintiff was in his cell that being vomiting Pain, passing out on floor, and being found unconscious but for the beating and stomping he recieved and unlawful restrainment.

44. The defendant Sgt Brumley said, "I dont think you are sick, do you like what you got for making me have to work. I could have them kill you for interupting my day. Defendant Jane Doe 1 stood next to Sgt Brumley.

45. The plaintiff began telling Defendants Brumley, John Doe 1 hes vomiting having sharp pains

46. Defendant John Doe 1 (the seg cell house Lieutenant) entered the bullpen put his face next to the plaintiffs ear and said, "oh you gotta a little tummy ache, now your going to get up and walk your ass back to your cell." Defendants John Doe 1 and Sgt Brumley violated the plaintiffs 8th and 14th Amend to the U.S. Const for acting with malice, recklesness, and deliberat indifference to plaintiffs medical needs.

47. During these events Jane Doe 1 remained outside bullpen watching right next to Sgt Brumley hearing the colloquy between Sgt Brumley, John Doe 1 (seg cell house Lieutenant), and plaintiff. Jane Doe 1 did not intervene. Defendant Nurse Jane Doe 1 violated plaintiffs U.S. Const 8th Amend right by being deliberate indifferent to his medical need and cruel and unusual for not intervening.

48. The plaintiff in great pain not only from flu-like symptoms but from beating, stomping, and unlawful way of restrainment was not evaluated by defendants Jane Doe 1 or any medical care staff employeed by Wexford Health Source, Inc, Contracted by IDOC.

49. The plaintiff was roughly escorted back to his vomit ridden cell and shoved in. furthering his injuries. The plaintiff yet still denied a check of his vitals, denied medical care to his original illness (flu-like symploms) and/or assaults from beating and abuse or for his recently added injuries of being shoved in cell aggressively slipping on vomit ridden floor. No health care staff contracted by IDOC by their own observation clearly seeing him in need of medical care. This

-Jane Doe 1 Wexford employee violated plaintiffs U.S. 8th Amend right being deliberately indifferent to his serious medical need along with Sergeant Brumley, Richelmon, John Doe 1, and 2. Corporate Defendant Wexford is also held liable outside the scope of sec 1983 as a general tort vicarious liability claim. Jane Doe 1 had a duty to provide adequate medical care.

F. Defendants Repeated Denial of plaintiffs basic medical Needs

50. Same day, May 14, 2019, Later after these events, the plaintiff Submitted a sick call request seeking medical assistance for flu-like Symptoms and treatment for the beating, stomping, and the feeling he lost in his arm and hand. (No response) Exhibit C

51. On May 17 2019, the plaintiff submitted a sick call request for Medical attention (No response) Exhibit D

52. On May 18 2019, the plaintiff submitted a sick call request for Stomach pains from vomiting, flu-like Symptoms, and injuries from assaults. The plaintiff received no response. Exhibit E

53. on May 19, 2019, the plaintiff submitted another Sick call request for Medical attention. The plaintiff received no response. Exhibit F

54. On May 19, 2019, the plaintiff filed a grievance on medical treatment. The plaintiff received no response. Exhibit G

55. On or about May 22, 2019 the plaintiff made a relevant statement and produced a relevant written document to defendants unknown adjustment committee Members John Doe 8,9,10,11, and 12 about Medical assistance Exhibit H

56. On or about May 23, 2019, after around 10 days after the incident, the plaintiff was released from Seg, the plaintiff received no health care and was never allowed Medical care or received a response from the health care unit.

57. Jane Doe 1, unknown gallery officer, unknown Seg Loto, and Sgt Brumley never allowed the plaintiff adequate medical care. This failure to provide medical care is in direct violation of IDOC policy. officers are not qualified nor do they have the authority to withhold medical treatment, violation of U.S. 8th Ammend right.

58. The plaintiff never received medical care while he was back placed in Menard Maximum Prison Segregation, North 2 Cell 4-48. Defendants John Doe 6 had the authority and the constitutional duty to act pursuant to their scope of work and administrative directive to protect, ensure the safety, and provide adequate health care to a serious medical need, in violation of the 8th Amend of U.S. Const right.

59. The plaintiff wrote several request slips regarding his original claims of illiness that being flu-like symptoms and for the beating, abuse, and assaults that he received for being in need of medical care. The plaintiff never received a response to the request slips and was ever provided medical care thereby causing plaintiff to suffer in pain without treatment, he suffered stomach pain, gallbladder, liver, and heart pains, shortness of breath, headache, breathing in hurt, pain from being assaulted by officers, who gave plaintiff additional pain, and violated his 8th Ammend of U.S. Const right by deliberate indiffrence and misuse of force. Exhibit C, D, E, F

60. The plaintiff also wrote several grievances on the issues and gave these grievances to Menard CC staff and never received a response. Please see draft copies attached Exhibit G and Exhibit K

61. Plaintiff is in great pain physically and mentally due to his experience

62. The plaintiff suffers from post traumatic stress that he was diagnosed with and takes psychotropic medication. Exhibit I

63. The plaintiff has been experiencing persistent pain in his back, knee, ankles, and neck. The pain has been noted in medical notes. The plaintiff requires physical Therapy. Exhibit J

64. On information and belief, if the plaintiff is not provided psychotropics for PTSD or provided physical therapy he risks permanent long term disability, flashbacks, feeling terrified, heart races, chest tight, amongst other traumatic stresses. Easily Startled. Nightmares. Racing thought, Pace up and down. Worry Constantly and get weak in his legs and light headed also freightened.

G.                    Denial of Due Process

65. On May 14, 2019, the plaintiff was roughly escorted to his vomited ridden Cell# North a 4-48 and shoved in. Plaintiff now placed in punitive Segregation was told to clean that Shit up.

66. The next day, May 15, 2019, the plaintiff was served with disciplinary Charges for disobeying a direct order essential to safety and security for refusing to step to bar front to be restrained. Plaintiff was complaining about pain.

the reviewing officer Major Bochautas. At this point Sgt Brumley and unknown L.t. (Doe 1) has violated plaintiffs U.S. 1st Amend Right and Statutory 1997 (d) against retaliation, by attempting to use his position of authority and intimidate him with a false disciplinary ticket to stop him from filing a grievance by charging him with disobeying a direct order to step to bar front to be restrained to cover up their misconduct, denial of medical care, and retaliation to me complaining of pain. Remeber plaintiffs in pain and in need of medical care. This violates 1st Amend right of US Const against retaliation and Tort of intentional infliction emotional distress. Exhibit

67. → 67. On May 17, 2019 plaintiff filed a grievance on disciplinary report for disobeying a direct order major charge he was served. He received no response. Exhibit K

68. On or about May 22, 2019, the plaintiff received a disciplinary hearing before defendants John Doe 8, 9, 10, 11, and 12.

69. The plaintiff made a relevant statement and produced a relevant written document of the events and requested that the inmates housed near the incident called for a Med tech for the plaintiff be interviewed Exhibit H

70. The defendant Doe 8 told the plaintiff to leave the disciplinary hearing

71. After the hearing, the plaintiff did not receive a statement as to their reasons for finding, written disposition, or told anything saying or stating guilty as charged or punishment by defendants Doe 8, 9, 10, 11, and 12.

72. On June 22, 2019, the plaintiff found out that he had been disciplined and found guilty formally through a B grade promotion notification, Exhibit L

73. The plaintiff never received a statement as to their reasons for finding for guilty for disobeying a direct order 215 Major charge that the plaintiff refused to step to bar front to be restrained.

74. The plaintiff never had a hearing investigator on this Major Charge. which is a review that is required for a major infraction by Individual Defendant Chief Administrative Officer unknown who appoints hearing investigator

determine whether to submit a report to the adjustment committee, based upon the results of the investigation. However, if the investigation reveals evidence of a convincing nature that the offender did not commit the offense, that evidence must be reported to the Adjustment Committee. Plaintiff never had a hearing investigator. See Disciplinary report written on 5-14-19. Chief Administrative officer is Doe 6 (Warden in most institutions) Exhibit B

75. The plaintiff was never informed of the oppurtunity to appeal when found guilty.

76. Plaintiff also never received a written statement to the reasons of these findings or statement of the basis for disregarding the evidence for original reason he was placed in max prison seg on investigative status for false PREA claim and not placed in Receiving (OR) Segregation. These acts by defendants Doe 6,8,9,10,11, and 12 violated the Plaintiff 14th Amend of the U.S. Const. right to due process.

H. Defendants Retaliation to Plaintiff

## Exhaustion of Administration Remedies

77. On May 17, 2019, the plaintiff submitted a grievance on staff conduct and disciplinary report. The plaintiff received no response. Exhibit K

78. On May 19, 2019, the plaintiff submitted a grievance for medical treatment denial and staff conduct. He received no response.
Exhibit G

79. On May 20, 2019, the plaintiff wrote a letter to the warden and sent it via institutional mail regarding his confinement in seg, being assaulted, and denied medical care. He received no response. Exhibit M

80. On May 24, 2019, Plaintiff wrote and submitted a request to Counselor (No response). Exhibit N

81. On May 29, 2019, the plaintiff submitted request slip to Counselor

Ms. Teas for the status of his grievances while he was housed in Segregation, The plaintiff received no response. Exhibit O

82. On June 19, 2019, the plaintiff submitted requested slip to Counselor Ms. Teas in regards to no response to the last request slip that he sent her on May 29, 2019 above. He received no response, Exhibit P

83. On June 26, 2019, the plaintiff submitted a 3rd request regarding response failure and the status of his grievances filed in Seg. (No response) Exhibit Q

84. On June 28, 2019, The plaintiff after repeated request to Counselor with no response the plaintiff filed a grievance on policies of the IDOC grievance process, HCU Sick call request, and medical treatment. (No response). Exhibit R

85. On July 12, 2019, the plaintiff filed a grievance on Staff Conduct and the false IDR ticket given to him to cover up staff misconduct and denial of medical care that occured on 5-14-19 where plaintiff was beat and punished for being in need of Medical care. (No response) Exhibit S

86. At Same time, plaintiff wrote Director of Illinois Department of Corrections a grievance with a letter attached and mailed it out U.S. Mail. (No response) Exibit T

87. Later plaintiff sent another request slip to Counselor. (No response) Exhibit U

88. On July 31, 2019, the plaintiff filed a request slip to Ms. Teis. Counselor on the status of grievances filed in segragation and in Receiving (OR). He recieved no response. Exhibt V

89. On August 7, 2019, plaintiff submitted a request to defendant Tease Counselor on being denied medical attention. (No response) Exhibit W

90. On September 6, 2019, the plaintiff submitted a grievance on defendant Counselor Tease regarding staff conduct and practicies of IDOC grievance process and request slip response policies. (No response) Exhibit X

91. The same day, the plaintiff wrote and sent a letter to defendant Director of IDOC through the prison institutional mail. The plaintiff did not receive a response back. Exhibit Y

92. After months, the plaintiff recieved no response from defendants Taes Counselor, HCU, Doe 6, Doe 7, and Wexford.

93. The plaintiff was threatened with murder if he continued to file grievances, submit request, and ask questions by Doe 1 and Counselor Tease.

94. On or about September 6, 2019, Sometime later after Sending the director of IDOC a letter and Submitting the grievence on Counselor Tease, Counselor Ms Tease Came onto the gallery in receiving. The plaintiff called her over to his cell, and asked her about the request slips he had sent her, and if she had received them, and also the grievances that he had filed. Her reply was this threat, "Mr. Graham do you like pontiac because thats where ill send your ass to pontiac, Keep poking the hornets nest motherfucker I'll make Sure you do the hardest time possible. I will make Sure your time is pure hell, try me." This defendant violated plaintiffs U.S. 1st Ammendment Right Statutory 1997d against retaliation by making this threat to preclude him from Filing a grievance and exhausting them.

95. About a week later after the plaintiff was threatened by defendant Counselor Taes, Defendant John Doe1 came over to Menard Receiving Center (OR) to Supervise the receiving unit with Shavers on inmate Shower day on Second Shift. The plaintiff asked John Doe 1. about the unresponded grievances in Segregation and receiving also the policies of the IDOC grievance process. He received this warning," If its up to me or you loosing my Job Id have you killed," The plaintiff was also asked if he thought that the L.t. would allow the plaintiff to sue him. The unknown Seg L.t. told the

the plaintiff that he would make sure that every one of his grievances are shut down and not awnsered to prevent the plaintiff from proper exhaustion to have any kind of lawsuit dismissed.

Defendants Sgt Brumley, Richelmon, John Doe 1, 2, and Counselor Teas Violated plaintiffs 1st Amend U.S. Const Right, and 42 U.S.C.A § 1997d Statutory rights against retaliation for excercising his right to file grievances, and acess to medical care, by misuse of force, threats, and intimidation.

96. On or about September 18, 2019 the plaintiff was transfered to Hill Correctional. The culmination of the false PREA, the assaults, denial of medical care, the intentional interference with plaintiff filing grievances were the reasons he was transfered in retaliation. This violates plaintiff first amendm Right of U.S Const against retaliation and Constitute the Tort of intentional inflicti of emotional distress transfering far away from court and family and a hour car ride to a 5 hr uncomfortable bus ride every month.

97. On October 3, 2019 the plaintiff filed grievance regarding the Menard cc incident while in the safety of Hill Correctional center institution. He recieved a response. to forward grievance to the Administrative Review Board (ARB). Grievance # 19-10-037 Exibit Z

98. Around October 10, 2019 the plaintiff forwarded the grievance # 19-10-037 to the ARB. He received a response.

99.    On or about December 23, 2019 the plaintiff received the Administrative Review Board Return of Grievance Correspondence of no further redress    Not Submitted in the time frame outlined in Department rule 504, therefore, this issue will not be addressed further. Plaintiff excercised due diligence to exhaust his administrative remedies in every way he could. He also Sent a grievance by U.S. Mail directly to the ARB but received no response. Exhibit AA.

100.    On January 3, 2020 the plaintiff wrote the ARB a letter to give them the oppurtunity to acknowledge a problem and correct a problem. There was no response to his letter. He sent grievances and letters to the ARB from Menard but received no response. He has exhausted all his administrative remedies, but they were made unavailable to him as delineated herein. Exhibit BB

101.    Later this same day the plaintiff Submitted a request Slip to Counselor on his Status of grievances from Menard CC. The Plaintiff received no response. Exhibit CC

102.    On February 6, 2020 the plaintiff Submitted a request Slip to Counselor regarding no response to 1-3-20 request Slip on Status of his grievances from Menard. EXhibit DD

103.    Plaintiff received a response to February 6 request Slip. Exhibit EE

104. The plaintiff has exhausted his administrative remedies with respect to all Claims and all defendants.

105. On or about, May 23, 2009 the plaintiff was released from Segregation and housed back into Receiving (OR) after about 13 days. He was never told anything, never received a written Statement to the reasons of there findings, Statement of the basis for disregarding the evidence, or informed on the false PREA Claim in which was original reason he was Sent behind the wall to the maximum prison Segregation from Offender Receiving (OR) due to being in a Cell with a Serious Mentally Insane (SMI) inmate. The Plaintiff on Several occassions requested to be moved from this SMI Cellmate Joshua Hodges Who threatened and harrassed the plaintiff amongst other things. One Correctional Officer reply to plaintiffs Safety Concern and request to be moved was that he had to see Some blood. The plaintiff made these issues Known to his neighbors Specifically Cell Number 38, all inmates in receiving Via yelling over the gallery, and Correctional Officers about Hodges unusual behav.or. This infuriated Hodges, Hodges then filed a false PREA Claim against me to "game the System" and get a diffrent Cellmate or be alone in a Cell. The plaintiff filed a grievance on this. Exhibit FF and Exhibit A

106. There Continues to be the Custom, ... practices and pattern by the Defendants Doe 6, 1, Major Bochowtus, Moot Page, and Sergeant Brumley to allow themselves and prison C/O's under there direct Supervision, Such as Doe 2,3,4,5 to operate with total impunity to their misconduct, abuse, and unlawful behavior; to assault and batter inmates, falsifying and fabricating incident, disciplinary reports, intentionally taking adverse actions Out of retaliation; threats, intimidation, and harrasment; and allowing of adverse actions to be taken during Addustment Committee disciplinary hearing by loss of privileges and Finding of guilty with no investigation, temporary Confinement in Maximum prison Segregation unit at Menard Correctional Center, nor allowing medical care, and nor responding to grievances or request as detailed previously in the preceding paragraphs. The Defendant Chief Administritive officer is the warden Doe 6 and appoints hearing investigators for Medial disciplinary report, The Plaintiff never was appointed a hearing investigator. This is a Violation of plantiff 14th amend right of us Const 40 due process.

107. Defendants Institutional Defendants, Doe 6, and 7 has been placed on notice of the abus.ve Conduct of defendants Sersant Brumley, Doe 1, 2, 3, 4, and 5 by a number of Complaints and grievances over many months and years but has failed to take disciplinary action against them or otherwise Control their behavior. There Continues to be Constitutional Violations detailed above that were Caused by part by the Customs, policies, and practices by John Doe 6 and 7.

108. Custom, policy, or practice of denying adequate medical care to segregation inmates who the officers deemed was faking it, which is beyond their purview and scope of work. A nurse/wexford has a Constitutional duty to provide adequate medical care, which did not occur in this case given rise to a monell Claim

General Tort Claim of Vicarious Liability
And pursuant to 42 U.S.C.A. § 1997

109. Wexford Health Source Inc is being sued outside the scope of Section 1983. This cause of action is brought forth pursuant to General Tort Vicarious Liability.

110. Wexford is also being held vicariously liable pursuant to 42 U.S.C.A. § 1997.

111. Defendant Wexford Health Source Inc (Wexford) is a private corporation entity organized and existing under the laws of the State of Illinois for the purpose of providing medical health care for inmates in IDOC.

112. Defendant Jane Doe 1 is a nurse employeed to provide medical care in the State of Illinois. Defendant Jane Doe 1 is employeed by defendant (Wexford).

113. Defendants Wexford are vicariously liable for the negligent acts, errors, and ommissions of defendant Jane Doe 1 in connection with her denial of medical attention rendered to plaintiff, if defendant Jane Doe 1 has actual or apparent authority to engage in the conduct on which the negligence claim is based.

114. As a result of the medical care denial created by the previous mentioned conduct of the parties, defendants had a duty to provide medical care to inmates in IDOC with reasonable care, skill, and diligence possessed and excercised by the ordinary nurse in similar circumstances. to provide adequate medical care.

115. Defendants duty include ensuring provision of medical care and providing adequate medical care to plaintiff. .

116. Plaintiff hereby re-asserts and incorporates by reference the claims set forth in 𝑚𝑚's 35 thru 64 as if they were fully set forth herein.

117. Defendant Jane Doe 1 Conduct of negligence in providing adequate medical care     was a breach of her duty to provide adequate medical care on behalf of the plaintiff. Defendant wexford are responsible for acts of employees. Thus, vicariously liable for the negligence and denial of adequate medical care to plaintiffs health care condition and injuries.

118. The damage sustained by plaintiff was proximately caused by defendants' breach of duty as set forth above. Plaintiff committed no acts of negligence that contributed to his damage.

Against Richelman, Sergeant Brumley, John Doe 1,2,3,4,5,6,7, Jane Doe1, Corporate Defendant, and Certain Individual defendants

## Pursuant to 42 U.S.C § 1997e(e)

119. Plaintiff seeks Compensatory damages for the loss of priveleges and quality of life in his prison living Conditions being placed in a Maximum prison Segregation out of recieving intake. Confined for 24 hours a day in a cell roughly less then 60 feet Square and deprived of bed Sheet, ... pillow Case, and Shower for 1 week for a false PREA. and not placed in receiving Segragation.

120. Plaintiff was experiencing flu-like Symptoms, passed out unconscious from Vomiting/dry heaving; and instead of a medical team there was a tacticle team ordered to remove the unconscious plaintiff who beat, ... assaulted, and told the plaintiff that they were going to kill him among other things with racial epithels language. for the plaintiff being in need of medical care.

121. The plaintiff was never allowed medical care for original flu-like Symptoms, beating he recieved; Unlawful way he was restrained, dragged, and/or for the injuries Sustained from being thrown into vomit ridden cell that furthered injured plaintiff.

122. Plaintiff was wrote a fabricated false Major Charge ticket. This wrote plaintiff was Complaining of Pain and to Cover their misConduct and Medical Care denial was because

123. Plaintiff never was allowed Medical Care the entire time he was Confined in maximum prison Segragation

124. Plaintiff seperately and in addition Seeks Compensatory damages for the mental or emotional distress resulting from his assaults and mis use Of force for being in need of Medical Care and not allowed Medical Care in maximum prison Segragation vout of Receiving intake for his prolonged Confinement in Maximum Prison Segragation on a false PREA and a false Inmate Disciplinary report wrote due to plaintiff Complaining of pain and in need of medical Care in retaliation and Cruel and unusual punishment

125. Plaintiff Seeks punitive damages against defendants Richelmon, Sergeant Brumley, John Doe 1, 2, 3, 4, 5, 6, 7, Jane Doe 1, Corporate defendant Wexford, and Certain individual defendants for their willful, Sadistic and malicious Conduct and deliberate indifference in fabricated false inmate disciprinary reports in retaliation, Denial Of Medical Care, Misuse of force, force by Staff Confining the plaintiff to Segregation after a hearing in which he was denied basic rights to due process of law. Also placed in temporary confinement of maximum prison Segregation from false Inmate Disciplinary report.

## COUNT I

Against the Institutional Defendants; John Doe 6, 7, 1, and Sergeant Brumley
42. U.S.C. §1983 (Monell) - Official and Institutional Failures to Properly
Instruct, Supervise, and Provide Adequate Health Care

126. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

127. The Constitutional Violations detailed above were caused in part by the Customs, policies, and practices of the Institutional Defendants, as promulgated, enforced, and disseminated by John Doe 6, 7, 1, and Sergeant Brumley, whereby the Institutional Defendants and John Doe 6, 7, 1, and Sergeant Brumley, who were charged with ensuring adequate health care to inmates at Menard Correctional Center, failed to provide access to proper health care in this and many other documented cases.

WHEREFORE, Plaintiff Cedrick Graham demands judgement against the Institutional Defendants; John Doe 6, 7, 1, and Sergeant Brumley, jointly and severally, for compensatory damages in an amount to be determined at trial, plus attorney's fees and cost pursuant to 42 U.S.C. §1988, and such other relief that this Court deems just, proper, and equitable.

## COUNT II

Against the Institutional Defendants; John Doe 6, 7, 1, and Sergeant Brumley
42 U.S.C §1983 (Monell) - Official and Institutional Failures to properly
Instruct, Supervise, and protect prisoners.

128. Plaintiff repeals and re-alleges the preceding paragraphs as if fully alleged herein.

129. The Constitutional Violations detailed above were caused in part by the Customs, policies, and practices of the Institutional Defendants, as promulgated, enforced, and disseminated by John Doe 6, 7, 1, and Sergeant Brumley, whereby the Institutional Defendants and John Doe 6, 7, 1, and Sergeant

Brumley, who were charged with providing protection to prisoners, from abuse caused by other prison staff, were deliberately indifferent to the substantial risk of excessive force prison staff against inmate attacks in this and many other documented cases.

WHEREFORE, Plaintiff Cedrick Graham demands Judgement against the Institutional Defendants, John Doe 6, 7, 1, and Sergeant Brumley, jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and costs pursuant to 42 U.S.C §1988, and such other relief that this court deems Just, Proper, and equitable.

## COUNT III

Against the Institutional Defendants, John Doe 6, 7, 1, and Sergeant Brumley 42 U.S.C §1983 (Monell) · Official and Institutional Failures to properly Instruct, Supervise, and Prevent Excessive Force.

130. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

131. The Constitutional violations detailed above were caused in part by the customs, policies, and practices of the Institutional Defendants, as promulgated, enforced, and disseminated by John Doe 6, 7, 1, and Sergeant Brumley, whereby the Institutional Defendants, John Doe 6, 7, 1, and Sergeant Brumley, who were charged with providing protection to prisoners at Menard Correctional Center, failed to ensure that excessive force was not used against unprovoked inmates in this and many other documented cases.

WHEREFORE, plaintiff Cedrick Graham demands Judgement against the Institutional Defendants, John Doe 6, 7, 1, and Sergeant Brumley, Jointly and Severally, for Compensatory damages and punitive damages in an amount

to be determined at trial, plus attorney fees and costs pursuant to 42 U.S.C. § 1988, and such other relief that this Court deems Just, proper, and equitable.

## B-12. COUNT IV

Against Richelmon, Doe 1,2,3,4,5, Sergeant Brumley, Mat page, Major Bachautus, Jane Doe1, Corporate, and certain individual defendants 42 U.S.C § 1983 - Failure to Provide Medical Attention in Relation to May 2019 Incident

132. Plaintiff repeats and re-alleges the preceding paragraphs as fully alleged herein.

133. By the foregoing facts, Richemon, Doe 1,2,3,4,5, B-12, Sergeant Brumley, Mat Page, Major Bachautus, Jane Doe1, Corporate, and certain individual defendants acted with malice, recklessness, and deliberate indifference to the medical needs of Mr. Graham following the May 2019 Incident despite being aware that by committing such acts and ommissions they were subjecting Mr. Graham to a substantial risk of serious harm.

134. The acts and/or omissions of these defendants described herein amounted to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

135. As a result of these violations of his Constitutional rights, certain known and unknown Individual Defendants herein have caused Mr. Graham unnecessary and wanton infliction of great pain, mental anguish, and further excerbated his injuries.

WHEREFORE, Plaintiff Cedrick Graham demands judgement against defendant described herein Certain unknown Individual Defendants, jointly and severally, for Compensatory damages and punitive damages in an amount to be determined at trial,

plus attorney's fees and cost pursuant to 42 U.S.C. § 1988, and such other relief that this Court deems Just, proper, and equitable.

## COUNT V

Against Richelmon, Sgt Brumley, Doe 1, 2, 3, 4, 5, and Certain unknown individual defendants
42 U.S.C § 1983 - Failure to protect

136b. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

137. By the foregoing facts, Plaintiff sustained serious injuries as a result of an attack by prison staff.

138.          Defendants were deliberately indifferent to the substantial risk that the unconscious plaintiff who was in need of medical attention was in.

139. Furthermore,       defendants were aware of the aggressive behaviors of ordering a tacticle team to remove Mr. Graham from his cell floor instead of a medical team.

140. The acts and/or omissions of these          Defendants described herein amounted to Cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution

141. As a result of these violations of his Constitutional rights,[^] Certain unknown Individual Defendants have caused Mr. Graham unnecessary and wanton infliction of great pain, mental anguish, and further exacerbate his injuries.
     WHEREFORE, Plaintiff Cedrick Graham demands Judgement against

the described herein Defendants Jointly and Severally, for Compensatory damages and punitive damages in an amount to be determined at trial, Plus attorney's fees and cost pursuant to 42 U.S.C. § 1988, and such other relief that this Court deems Just, proper, and equitable.

## COUNT VI
Against Richelmon, Sergeant Bromley, John Doe 1, 2, 3, 4, and 5
42 U.S.C § 1983 - Excessive Force

142. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

143. By the foregoing facts, the Certain unknown Individual Defendants, acting under color of law, intentionally used unreasonable force against Mr. Graham.

144 The acts of the known and unknown individal Defendants described herein amounted to excessive force, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

145 As a result of these violations of his Constitutional rights, Certain named and unknown Individual Defendants have caused Mr. Graham unecessary and wanton infliction of great pain, mental anguish, and further exacerbated his injuries.

WHEREFORE, Plaintiff Cedrick Graham demands Judgement against the Individual Defendants, described here in Jointly and Severally, for Compensatory damages and punative damages in an amount to be determined at trial, plus attorney's fees and costs pursuant to 42 U.S.C. § 1988, and Such other relief that this Court deems Just, proper, and equitable.

# COUNT VII

Against Richelmon, Sergeant Brumley, John Doe 1, 2, 3, 4, 5, and Certain individual defendants

## Battery (State Law Claim)

146. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

147. Certain Individual Defendants and Defendant Described herein Knew with Substantial Certainty that their intentional Conduct would result in harm to plaintiff.

148. The Defendants' willful and Voluntary physical Conduct caused plaintiff harm.

149. The Defendants' actions and Conduct did directly and proximately Cause severe injury to Plaintiff, resulting in injury to his head, back, ankles, and knee.

WHEREFORE, Plaintiff Cedrick Graham demands Judgement against the defendants described here in and Individual Defendants, Jointly and Severally, for Compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and Costs pursuant to 42 U.S.C. § 1988, and Such other relief that this Court deems Just, proper, and equitable.

# COUNT VIII

Against Richelmon, Sergeant Brumley, John Doe 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, Jane Doe 1, Corporate and Certain Individual defendants

## Intentional Infliction of Emotional Distress (State Law Claim)

150. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

151. The acts and Conduct of the named defendants, Corporate, and Certain unknown and known individual defendants as Set forth above were extreme and Outrageous.

152. The Defendants intended to Cause or acted with knowledge of the high probability that the Conduct would Cause Such distress.

153. The Defendants' actions and conduct did directly and proximately cause severe emotional distress to Plaintiff, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, and severe pain and emotional suffering, Pursuant to 42 U.S.C. § 1997e(e)

WHEREFORE, Plaintiff Cedrick Graham demands Judgement against the Corporate. Defendant and Individual Defendants, Certain known and unknown described herein Jointly and Severally, for Compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and Cost Pursuant to 42 U.S.C. § 1988, and such other relief that this Court deems Just, proper, and equitable.

## COUNT VIX

Against Corporate Defendants, John Doe 6, 7, and Certain Individual Defendants
Indemnification
(State Law Claim)

154. Plaintiff repeats and re-alleges the preceding paragraphs as if full alleged herein.

155. Illinois law provides that the defendants described herein are directed to pay any tort Judgement, including any associated attorney's fees and costs, for which employees are liable within the scope of their employment activities.

156. Illinois law provides that defendants described herein are directed to pay any tort Judgement, including any associated attorney's fees and costs, for which employees are liable within the scope of their employment activities. See Statutes.

WHEREFORE, Plaintiff Cedrick Graham request that it

Order to pay any compensatory Judgements, including attorney's fees and Costs, against individual defendants who acted in the Course of their employment.

Against Richelman, Sergeant Brumley, John Doe 1,2,3,4,5, Jane Doe 1, Corporate Defendant, Certain known and unknown Individual, Defendants

## COUNT X
### Deliberate Indifference to a Serious Medical Need

157. Plaintiff repeats and re-alleges the preceding paragraphs as fully alleged herein.

158. By the foregoing facts, Certain named and unknown defendants, Corporate, and described herein Defendants acted with malice, recklesness, and deliberate indifference to the medical needs of Mr. Graham following the May 2019 Incident despite being aware that by committing such acts and ommissions they were Subjecting Mr. Graham to a Substantial risk of Serious harm.

159. The acts and/or omissions of these individual and corporate defendants described herein amounted to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

160. As a result of these violations of his Constitutional rights, named defendants, know and unknown defendants, and Corporate defendant have caused Mr. Graham unnecessary and wanton infliction of great pain, mental anguish, and further excerbated his injuries.

WHEREFORE, Plaintiff Cedrick Graham demands Judgement against Corporate, Individual Defendants both: Known and unknown -, Jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and cost pursuant to 42 U.S.C. § 1988, and such other relief that this Court deems just, proper, and equitable.

## COUNT XI

Respondeat Superior, Vicarious Liability, and Monell Claims against certain Individual Defendants, John Doe 6, 7 and corporate defendant

161. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

162. Defendant Corporate (Wexford) hold the Master Contract with IDOC to provide all medical health care.

163. Defendant Corporate, John Doe 6,7, and certain individual defendants are also being held liable pursuant to respondeat superior and (vicarious liability causes of action by virtue of employing certain defendants) for violation of plaintiffs Eighth and Fourteenth Amendments rights to the United States Constitution being deliberate indifferent to his serious medical need.

WHEREFORE, Plaintiff Cedrick Graham demands judgement against Certain Individual Defendants; Corporate(wexford), John Doe 6 and 7, jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and cost deems just, proper, and equitable.

## COUNT XII

Against Richelmon, Sergeant Brumley; John Doe 1, 2, Certain individual Defendants, Jane Doe 1, and Counselor Taes Corporate Retaliation in Violation of the U.S. Constitutional First Amendment Right and Statutory right Pursuant to 42 U.S.C. § 1997d Pursuant to 42 U.S.C § 1997e(e)

164. Plaintiff repeates and re-alleges the preceding paragraphs as if full alleged herein.

165. Reporting officer Richelmon wrote the plaintiff a false Inmate Disciplinary report. In that report the defendant Richelmon wrote that plaintiff was evaluated by medical staff and stated he ployed hurt to get to see nurse and put on sick call in retaliation of him complaining of severe pain he was in. Plaintiff believes this is where retaliction began.

166. On May 14, 2019 Reporting officer Richelmon and Sergeant Brumley acknowledged the plaintiffs need for medical attention. A Tacticle team was ordered on the unconscious plaintiff who beat him and dragged his body down the gallery's and up stairs to a bullpen where he was brought in front of Sergeant Brumley and John Doe 1. In which Sergeant Brumley said, "I dont think you are sick. do you like what you got for making me have to work. I could have them kill you for interupting my day". When the plaintiff told him sharp pains and flu-like symptoms John Doe 1 Said, "Oh you got a little tummy ache now Your going to get up and walk your ass back to your cell."

167. Plaintiff Claims that this is where the retaliation occured but also continued during his grievance process where he was not responded to and threatened for filing grievances, request slip submitted and asking question by John Doe 1 and Counselor Taes.

168. This actions by Certain Individual Defendants and Corporate defendant described herein Defendant Constitutes a violation of plaintiffs U.S. Constitution First Ammendment right and statutory right against retaliation for reporting this condition

pursuant to 42 U.S.C § 1997d which also extends to John Doe 6,7, and Corporate defendant pursuant to respondent Superior and vicarious liability.

169.  United States Code Annotated 42 U.S.C § 1997d. Prohibition of retaliation is categorized under Title 42 "The public Health and Welfare" which provides: "No person reporting Conditions which may Constitute a Violation under this sub Chapter Shall be Subjected to retaliation in [any] Manner for So reporting."

WHEREFORE, Cedrick Graham demands Judgement against John Doe 6,7, Corporate, and certain Individual defendants, Jointly and severally, for Compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and Costs pursuant to 42 U.S.C. §§ 1988, and Such other relief that this Court deems Just, proper, and equitable.

## COUNT XIII

Against Corporate, JaneDoe1, Certain individual Defendants, Richelmon, Sergeant Brumley, Counselor Taes, John Doe 1, 2, 6, and 7.

42 U.S.C. §1983 (Monell) - Retaliation

170. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

171. The Constitutional violations detailed above were caused in part by the customs, policies, and practices, of the Certain individual Defendant(s), as promulgated, enforced, and disseminated by John Doe 6,7. Whereby the Defendants Richelmon, Sergeant Brumley, Counselor Taes, John Doe 1,2,6,7, Certain individual defendants, Corporate, and Jane Doe 1, did retaliate against the Plaintiff Cedrick Graham, after he was complaining of pain and in need of medical attention and also after he filed grievance(s) on May 14, 2019 and after.

WHEREFORE, plaintiff Cedrick Graham demands judgement against Corporate defendant, Jane Doe 1, Certain individual defendants, the Defendants Richelmon, Sergeant Brumley, Counselor Taes, John Doe 1, 2, 6, and 7, Jointly and severally, for compensatory damages in an amount to be determined at trial, plus attorney's fees and cost Pursuant to 42 U.S.C. §1988, and such other relief that this Court deems Just, proper, and equitable.

## COUNT XIV

Against Certain individual defendants, Major Bouchartus, Mat page, John Doe 1, 2, Richelmon, Doe 6, 7, , 8, 9, 10, 11, and 12, Sergeant Brumley

42 U.S.C. §1983 (Monell) - Due process denied and Official Misconduct.

172. Plaintiff repeates and re-alleges the preceding paragraphs as if fully alleged herein

173. The Constitutional violations detailed above were caused in part by the Custom, policies, and practices, as promulgated, enforced, and disseminated by John Doe 6,7, and Corporate Defendant, whereby menard staff, Named Defendants, Individual Defendants, and Corporate Defendants at Menard Correctional Center after placing inmates in

Segregation then giving them a non-impartial Adjustment Committee Disciplinary Hearing through their official misconduct, and denial of due process, during disciplinary hearing, and take adverse, affirmative and evasive actions to cover up their illegal actions of retaliation against the plaintiff in this and other documented cases.

WHEREFORE, Plaintiff Cedrick Graham demands Judgement against the Corporate Defendants, Major Bochoutus, Mat Page, John Doe 1,2, Richelman, Doe 6,7,8,9,10,11, and 12, Serjent Brumley, Certain individual defendants and Jane Doe's, Jointly and Severally, for Compensatory damages in an amount to be determined at trial, plus attorney's fees and cost pursuant to 42 U.S.C. § 1988, and such other relief that this court deems Just, proper, and equitable.

# COUNT XV

Against Richelman, Sergeant Brumley, Certain Individual Defendants, Corporate, Jane Doe 1, John Doe 1, and 2

Negligence in infliction of Emotional and mental Distress

174. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

175. The acts and conduct of the Corporate Defendant; Richelman, Sergeant Brumley, Jane Doe 1, John Doe 1, 2, and Certain individual Defendants as set forth above were extreme and outrageous.

176. The Defendants intended to cause or acted with knowledge of the high probability that the conduct would cause such distress.

177. The Defendants negligence related to medical and negligent Supervision Defendants and training resulted in injury. The Defendants' actions and conduct did directly and proximately cause severe emotional and mental distress to plaintiff, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, and severe pain and emotional suffering. Pursuant to 42 USC § 1997e(e)

WHEREFORE, Plaintiff Cedrick Graham demands Judgement against the Corporate Defendant, Richelman, Sergeant Brumley; John Doe 1,2, Jane Doe 1, and certain individual Defendants, Jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney fees and cost Pursuant to 42 U.S.C § 1988, and such other relief that this court deems Just, proper, and equitable.

7

## Claims for Relief

178. The actions of defendants Richelman, Sergeant Brumley, John Doe 1,2,3,4, and 5 in using physical force against the unconscious plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Ammendment of the United States Constitution

179. The actions of defendants Richelman, Sergeant Brumley, John Doe 1,2,3,4, and 5 in using physical force against the plaintiff without need or provocation constituted the tort of assault and battery under the law of Illinois.

180. The failure of certain individual defendants, John Doe 6, and 7 to take disciplinary or other action to curb the known pattern of physical abuse of inmates by certain named defendants and individual defendants constituted deliberate indifference to the plaintiff and other prisoners safety, and contributed to and proximately caused the above-described violation of Eighth Amendment rights and assault and battery.

181. The actions of defendant John Doe 6, 8,9,10,11,12, Mat Page, and Major Bochautus for failure to investigate; look into, or take into account plaintiffs relevant statement and produced relevant written document, finding him guilty of disobeying a direct order of a falsefied Inmate Disciplinary Report, and not providing a written disposition of the charges, Adjustment Committee summary, statement as to the reasons for finding, or opportunity to appeal. John Doe 6 appoints hearing investigator which is required on major infractions plaintiff never received. Doe 6 is responsible in upholding the disciplinary decision, denied the plaintiff due process of law in violation of the fourteenth Amendment to the United States Constitution,

182. The failure of defendants Jane Doe 1, Corporate defendant, and certain individual defendants for not intervening or providing medical attention to plaintiff's medical needs that being flu-like symptoms; and the misconduct and abuse injuries sustained from beating; and no response to plaintiff nurse sick call request constitutes deliberate indifference to the plaintiffs serious medical needs in violation of the Eighth Amendment to the United States Constitution.

183. The failure of defendants Jane Doe 1, Corporate and, certain Individual defendants to provide medical care, an examination, check of vitals, follow up examination of his medical condition and injuries from his assault and battery received, and physical therapy for his back, knee, neck, and ankle, constitutes the tort of negligence under the law of Illinois.

184. The actions of defendants Richelmon, Sergant Brumley, John Doe 1, and Counselor Tease for ordering a tactical team due to me being in need of medical care, complaining of pain, and found unconscious, Then fabricating a falsified Inmate Disciplinary report for disobeying a direct order for refusing to step up to bar front to be cuffed when Plaintiff was the one in need of medical attention; And threat and intimidated Plaintiff for excercising his right to grievance this situation. These actions by defendants constitutes a violation of plaintiffs U.S. Constitutions First Amendment right and statutory right against retaliation.

Other Relief Requested

WHEREFORE, plaintiff demand that the Court grant the following relief:

A. Issue an induction ordering defendant John Doe 6, 7, 8, 9, 10, 11, and 12 to:

1.) Expunge the disciplinary convinction described in this complaint from the plaintiffs institutional record

B. Plaintiff Cedrick Graham demands judgement against the corporate defendant, Richelmon, Sergeant Brumley, John Doe 1-12, Jane Doe1, Major Bochoutus, Mat Page, Counselor Taes, and individual defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined at trial, plus attorney fees and cost pursuant to 42 U.S.C § 1988, and such other relief that this Court deems just, proper, and equitable.

Respectfully Submitted,

s/ Cedrick J. Graham
Cedrick J. Graham - B87484
Plaintiff Pro Se

JURY TRIAL REQUESTED

Cedrick J. Graham
B87484
P.O. Box 1700
Galesburg, IL 61402

## CERTIFICATE OF SERVICE

I hereby certify that on ___3/30/21___ I electronically filed the foregoing with the Clerk of the Court via the _✓_Hill Correctional Center CM/ECF system thereby serving all counsel representing all defendants. ___ or by placing them in Hill Correctional Center U.S. Mail Service and mailing them to counsel representing all defendants.

Pursuant to 28 U.S.C. 1746, 18 U.S.C. 1621, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this ___30___ day of___March___ ,20 21

_Cedrick Graham_
Cedrick Graham - Affiant