IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEDRICK J. GRAHAM, #B87484, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CV-340-SMY |
| ) | |
| GANNON RICHELMAN, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Cedrick Graham filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 92) on July 28, 2023. Graham requests an order prohibiting Illinois Department of Corrections ("IDOC") officials from transferring him back to Menard Correctional Center. For the following reasons, the motion is **DENIED**.

## Background

On March 30, 2021, Graham filed the underlying action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred during his incarceration at Menard (Doc. 1). He is proceeding on multiple claims – that Menard officials assaulted him in May 2019 while he was sick and unconscious, denied his requests for treatment of his injuries, and retaliated against him for filing grievances by issuing him a false disciplinary ticket (Doc. 10, pp. 8-9). He also alleges that Menard officials threatened him with a transfer to Pontiac Correctional Center, where he would serve "the hardest time possible" (Doc. 10, p. 5), and that instead, IDOC transferred him to Hill Correctional Center in September 2019. (*Id*.)

**Motion for TRO and Preliminary Injunction**

On July 28, 2023, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking an order prohibiting his transfer back to Menard Correctional Center (Doc. 92). He alleges that he has suffered ongoing physical and emotional injuries as a result of his incarceration at Menard, including post-traumatic stress disorder and lingering physical injuries necessitating physical therapy.

Graham further alleges the following: on or around March 7, 2022, IDOC re-classified him as an escape risk (Level E). The next day, Graham was informed that he was awaiting transfer to Lawrence Correctional Center, Pontiac Correctional Center, or Menard Correctional Center. He filed an emergency grievance, asking officials not to transfer him to Menard and describing the harm he had suffered in 2019 and his ongoing fear. Graham submitted a copy of the emergency grievance to the Warden of Hill Correctional Center and the Director of the Illinois Department of Corrections but received no response.

Fifty days later, Graham was transferred to Menard. He immediately wrote to the warden and IDOC Director reiterating his concerns and his request to avoid placement there (he submitted the letter to Menard's Warden on April 26, 2022, and the IDOC Director on April 28, 2022). He was transferred to Lawrence Correctional Center on June 16, 2022.

Before being transferred out of Menard, Graham was repeatedly threatened by the defendants in this lawsuit and others. Defendant Brumley told him, "Your going to get fucked up everytime your here. I'll make sure of that bud." (*Id.* at ¶ 9). Officer Slickard (not a party to this lawsuit) repeatedly screamed that Graham was a snitch within earshot of the inmates on his gallery. Graham was denied a state-issued mattress and pillow for filing this lawsuit, his grievances were routinely destroyed, and his legal property was never returned to him.

Graham maintains that a Level E offender can be transferred to one of the following facilities, at any time, during the two years after his re-classification: Dixon Psychiatric Unit, Elgin Treatment Center, Joliet Treatment Center, Stateville Correctional Center, Pontiac Correctional Center, Menard Correctional Center, or Logan Correctional Center. He believes that he is in danger of being transferred back to Menard at any time because he has now been housed at Lawrence 10 months and he knows other inmates who were transferred after only six months. He asserts that he fears death if he is transferred back to Menard.

## Discussion

In order to obtain interim injunctive relief in the form of a temporary restraining order ("TRO") or a preliminary injunction, a plaintiff must demonstrate the following: (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If a plaintiff makes this showing, the Court must balance the harm to the plaintiff caused by denying the preliminary injunction with the harm to the defendants caused by granting relief. *Id*. The Court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id*. (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). It may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665-666 (7th Cir. 2013).

Graham has failed to satisfy the requirements for a TRO or a preliminary injunction. Most notably, he has not demonstrated that he will suffer irreparable harm if his motion is denied at this time. That is because "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). Here, there is no reason for the Court to interfere with Graham's current placement at Lawrence Correctional Center; he has been housed there for 10 months and expresses no concerns about his safety. During this time, he has received mental health treatment for ongoing emotional injuries and physical therapy for ongoing physical injuries.

Graham's expressed fear of impending transfer is merely speculative. He cites the passage of time as the only reason he *might* be transferred. He asserts that 5 other inmates were transferred out of Lawrence after only 6 months and implies that he is now more likely to be transferred because he has been there for 10 months. He offers no other evidence—anecdotal or otherwise—to suggest that his transfer, now or in the future, is more likely given the mere passage of time.

Graham's expressed fear of being transferred to Menard specifically is even more speculative. When he was transferred there in April 2021, he filed an emergency grievance and was transferred out of the facility less than two months later. If anything, this suggests that he is *less* likely to be transferred back to that facility. Moreover, according to Graham, Menard is only 1 of 7 possible facilities where he may end up if he ever gets transferred as a Level E inmate.

While Graham is not entitled to the relief he seeks at this juncture, the Court does take his allegations and ongoing safety concerns seriously. Should his situation change, he may renew his request for interim relief by filing a new motion.

## Conclusion

For the forgoing reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 92) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: August 3, 2023**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**